NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS BAADSGAARD; SHELLY
BAADSGAARD,

Plaintiffs-Appellants,

v.

SAFECO INSURANCE COMPANY OF
ILLINOIS, a Liberty Mutual Company,

Defendant-Appellee.

No.    20-36104

D.C. No. 4:19-cv-00075-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted November 8, 2021[**]
Seattle, Washington

Before:  GOULD, TALLMAN, and BUMATAY, Circuit Judges.

Dennis and Shelly Baadsgaard appeal from the district court's entry of

summary judgment for Safeco Insurance Co., denial of the Baadsgaards'

application for additional discovery, and denial of the Baadsgaards' objection to a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretrial protective discovery order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly granted summary judgment for Safeco. Safeco was prejudiced by the insured's failure to provide notice of the state court complaint because Safeco was deprived of the opportunity to defend its insured, and it now faces exposure to potential liability far greater than its policy limits. *See Steadele v. Colony Ins. Co.,* 260 P.3d 145, 149–51 (Mont. 2011). Additionally, Safeco did not breach its duty to defend its insured because it was not given notice of the state court complaint, *see id.*, and the duty to defend does not arise until a legal complaint is filed against the insured, *see Tidyman's Mgmt. Servs. Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014).

**2.** The district court properly denied the Baadsgaards' objection to the protective order because "good cause" existed for the order under Fed. R. Civ. P. 26(c)(l) and the objection was moot. *See B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (per curiam).

**3.** The district court properly denied the Baadsgaards' Rule 56(d) application for further discovery because Safeco would still be entitled to summary judgment even if the Baadsgaards discovered additional sought-after facts. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018).

**AFFIRMED.**